# United States Court of Appeals for the Fifth Circuit

No. 25-50819
CONSOLIDATED WITH
No. 25-50824
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
August 4, 2026
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEONARDO GARZA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 2:18-CR-2469-1,
2:24-CR-728-1

Before WILLETT, DUNCAN, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Leonardo Garza appeals the 24-month sentence imposed following the revocation of his supervised release, arguing the sentence is substantively unreasonable because the district court ordered it to run consecutively to the

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50819
c/w No. 25-50824

sentence imposed for his conviction under 18 U.S.C. § 922(g)(1). He has abandoned, by failing to brief, any argument regarding the consolidated appeal from his conviction and sentence for the § 922(g)(1) offense. *See United States v. Buendia*, 73 F.4th 336, 338 n.1 (5th Cir. 2023).

Garza has not shown that the revocation sentence "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Foley*, 946 F.3d 681, 685 (5th Cir. 2020) (internal quotation marks and citation omitted). The court relied on permissible factors in imposing the sentence, and it did not impose a substantively unreasonable sentence by exercising its discretion to order the sentence to run consecutively to Garza's § 922(g)(1) sentence. *See id.*; *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009); U.S.S.G. § 7C1.4(b), p.s.

AFFIRMED.